**In the Matter of Ronald Allan WAHL & Susan Dean Wahl, Debtors.**

**Bankruptcy No. 80–00322.**

United States Bankruptcy Court, E. D. Wisconsin.

Sept. 18, 1981.

Thomas S. Utschig, Appleton, Wis., for trustee.

Harold V. Froehlich, Appleton, Wis., for debtors.

## DECISION

HOWARD W. HILGENDORF, Bankruptcy Judge.

The sole question for decision is whether certain items of sterling silverware are exempt under Sec. 522(d)(3) of the Bankruptcy Code. Sec. 522(d)(3) provides:

(d) The following property may be exempted under subsection (b)(1) of this section:

(3) The debtor's interest, not to exceed $200 in value in any particular item, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments,

---

**5.** Senate Report 95–989 at 120, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5907.

that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

The debtors have separately listed in the schedules each knife, fork and spoon in a set of sterling silverware and have placed a value less than $200 on each item. The trustee does not challenge the value of each piece, but contends that the entire set should be considered as one "item" and that the value of the entire set is worth $6164.00. He contends that the exemption should be limited to $200.

The problem presented is whether each knife, fork, and spoon of the same pattern in a set of sterling silverware can be considered as a "particular item" under the provisions of the Federal Exemption Statute.

The word "item" is not defined in the Bankruptcy Code so the court must look to the general definitions found in other cases or in the standard dictionaries. In *Brugioni v. Maryland Casualty Co.*, 382 S.W.2d 707 (Mo.1964) the Missouri courts defined the word "item" as "an individual thing as an article of household goods or something singled out from a category of things of the same kind."

In Webster's Third New International Dictionary the following definitions of the word "item" are found:

"an individual particular or detail singled out from a group of related particulars or details."

"an individual thing (as an article of household goods, an article of apparel, an object in an art collection, a book in a library) singled out from an aggregate of the individual things."

"item applies chiefly to each thing in a list of things or in a group of things that lend themselves to listing (an item in a laundry list) (each item of income) (an item in an inventory)."

In the American College Dictionary by Random House, the word "item" is defined:

"a separate article or particular."

In Black's Law Dictionary, Revised Fourth Edition, the word "item" is defined:

"something less than a whole."

"A number, quantity, mass, or the like, regarded as going to make up, with others or another, a larger number, quantity, mass, etc., whether actually separate or not."

"a piece, fragment, fraction, member, or constituent."

The word "silverware" is defined in Webster's Third New International Dictionary as:

"table knives, forks and spoons usually of silver."

From these definitions the court holds that each particular knife, fork, or spoon is a separate item, although the items are of the same pattern and constitute a "set" of silverware. Therefore each particular item which does not exceed $200 in value is exempt under Sec. 522(d)(3) of the Bankruptcy Code.

There is a further limitation under Sec. 522(d)(3) that the items of household goods must be held primarily for the personal, family, or household use of the debtor or a dependent of the debtor. This limitation will prevent a debtor from claiming an exemption to silverware which was purchased for speculation or investment purposes, or from claiming a huge amount of silverware exempt which was never intended to be used in the household. The stipulation of facts upon which this decision is based does not state that the silverware was used for any other purpose than ordinary household use so the court has no basis to find otherwise. For that reason the silverware is exempt.

The trustee in his brief contends that the historical purpose of the exemption laws has been to provide a debtor with the "basic necessities of life" so that he is not left "destitute and a public charge." (H.R.Rep. No.595, 95th Cong., 1st Sess. 126 (1977). The court would agree that a set of sterling silverware valued at over $6000 is not a necessity of life. However, it is not for the courts to determine the exemptions if Congress has clearly specified what items are exempt. Support for this view may be

found in a recent decision by the Court of Appeals for this circuit in the case of *In re Smith et al.*, 5 B.R. 500, 7 BCD 419, 640 F.2d 888 (1981 CA7) in which the court held that a debtor's claim for violations of the Truth-in-Lending Act was exempt up to the amount of $7900.00 under Sec. 522(d)(5) of the Bankruptcy Code. The court said:

> If Congress had intended to limit the property usable under the general exemption, it certainly had examples of how it could have done so. Considering the legislative history as a whole, we must hold that Congress meant to give the general exemption as broad an application as the language it chose.

Other recent decisions in the federal bankruptcy courts have likewise held that where the language used in the exemption statute is clear and unequivocal the courts should not engraft limitations unexpressed by Congress.

*In re Schuler*, 13 B.R. 478, 7 BCD 503, 504 (D.Mt.1981)

> "With this one exception,[1] the bankruptcy courts have held that the exemption provision is to be liberally construed, and that the words selected by Congress "any property" means just that . . ."

*In re Nichols*, 4 B.R. 711, 6 BCD 597, 601 (E.D.Mi.1980)

> "Under the scheme laid out by the federal bankruptcy exemptions, it is possible for the debtor to retain ('Exempt') a larger amount of property than was possible under the Bankruptcy Act of 1898 . . . even income tax refunds, wage withholdings, and other cash or cash like assets may be exempted.

*In re Upright*, 1 B.R. 694, 5 BCD 1124, 1128 (N.D.N.Y.1979)

> " . . . where the words (of the exemption statute) are clear and unequivocal the courts should not engraft limitations unexpressed by Congress . . ."

*In re Ancira*, 5 B.R. 673, 6 BCD 864, 865 (N.D.Cal.1980)

> "In the absence of a clear indication from the Congress as to the limits on these benefits, I do not believe the courts can restrict exemptions, as requested by the trustee, on the basis of their own concepts of fairness and propriety."

Congress has allowed the states to "opt out" of the federal exemptions (Sec. 522(b)(1)). While many states have done so, Wisconsin as yet has not. Whether the federal exemptions are too liberal is not for this court to decide, but is rather the province of Congress or the state legislature.

The best example of language which could have been used to limit the value of household goods which could be claimed exempt may be found in the very language used by Congress in other subsections of Sec. 522. A number of other subsections use the term "aggregate interest" in limiting the value of the exemptions. For example,

> Subsection (4) limits the jewelry exemption to an aggregate interest not to exceed $500.

> Subsection (5) limits the so called "wild card" exemption to an aggregate interest of $400 plus any unused homestead exemption.

> Subsection (6) limits the exemption for implements, professional books, or tools of trade to an aggregate interest of $750.

> Subsection (8) limits the value of certain life insurance contracts to an aggregate interest of $4000.

However, in other sections, Congress deliberately chose not to specify any aggregate interest. For example, in subsection (9) professionally prescribed health aids are unlimited as to number or value. In Subsection (10) social security benefits, unemployment compensation, local public assistance benefits, veteran's benefits, disability, illness, or unemployment benefits are not limited as to amount or to any "aggregate interest."

1. The exception referred to was the lower court's decision in the *Smith* case which was reversed by the Court of Appeals for the 7th Circuit subsequent to Judge Gray's decision in *Schuler*.

These examples convince the court that Congress did not intend to place any "aggregate" limit on the value of household goods or household furnishings which may be claimed exempt. The only limitations are (1) that the debtor's interest may not exceed $200 in value in any particular item, and (2) that the items are held primarily for personal, family, or household use of the debtor or a dependent of the debtor. Under Sec. 522(d)(3) a debtor may claim exempt any number of suits of clothes, any number of appliances, books, animals, or musical instruments, and any number of items of furniture, dishes, cooking utensils, or silverware so long as they are held primarily for personal, family, or household use and do not exceed $200 in value.

For the reasons stated, each item of silverware which does not exceed $200 in value is exempt.

IT IS SO ORDERED.