Dean HARMON, Plaintiff,

v.

**PHILLIPS PETROLEUM COMPANY, Defendant,**

and

**Phillips Natural Gas Co., Intervening Defendant.**

**PHILLIPS NATURAL GAS CO., Counterclaimant,**

v.

**287.12 SQUARE FEET OF LAND IN ROOSEVELT COUNTY, MONTANA; and Dean Harmon, and all unknown owners, Defendant to counterclaim.**

**No. CV–81–60–GF.**

United States District Court, D. Montana, Great Falls Division.

Sept. 8, 1982.

James R. Carlson, Jr., Carlson & Hegel, Miles City, Mont., for Dean Harmon.

Carolyn S. Ostby, Bruce R. Toole, Crowley, Haughey, Hanson, Toole & Dietrick, Billings, Mont., for defendant and intervening defendant.

## MEMORANDUM AND ORDER

HATFIELD, District Judge.

Plaintiff, Dean Harmon, is a landowner and resident of Roosevelt County, Montana. Defendants, Phillips Petroleum Company (hereinafter "Phillips") and Phillips Natural Gas Company (hereinafter "PNG") are corporations whose states of incorporation and principal places of business are ones other than Montana. Therefore, jurisdiction of this court action is founded on diversity of citizenship. 28 U.S.C. § 1332(a).

CASE HISTORY

Plaintiff filed this action in the District Court of Roosevelt County, Montana against Phillips alleging trespass as a result of Phillips' construction of a natural gas pipeline on land of which plaintiff is the owner in fee. On motion by Phillips, the action was removed to this court. PNG, a wholly owned subsidiary of Phillips, was allowed to intervene as a party defendant pursuant to Rule 24 of the Federal Rules of

Civil Procedure, on the basis that PNG was the successor in interest of the pipeline at issue. PNG has filed a counterclaim seeking condemnation of a right of way through the plaintiff's land.[1]

Presently before the court is the defendant Phillips' and intervening defendant PNG's motion for summary judgment. Having been fully briefed and argued by both parties, that motion is now ripe for disposition.

## FACTUAL BACKGROUND

Phillips is a corporation engaged in the exploration, purchase, sale and transportation of oil and natural gas in the State of Montana. PNG, a wholly owned subsidiary of Phillips, is a corporation engaged in the business of transporting gas via pipeline. One such pipeline owned by PNG and located within the State of Montana is commonly referred to as the "Roosevelt" pipeline.[2]

Prior to PNG's acquisition of the Roosevelt pipeline, and during a period of time prior to the genesis of this controversy, Phillips began purchasing numerous easements from landowners in northeastern Montana for the purpose of expanding the collecting capacity of the main Roosevelt pipeline. Specifically, Phillips intended to run additional collecting lines from various wells to the main Roosevelt pipeline. The proposed route of one such collecting line crossed land owned by the plaintiff.

Phillips negotiated with the plaintiff for an easement across the latter's land, but those negotiations proved fruitless. There-

after, Phillips chose to pursue an alternate route which called for siting the pipeline within the right-of-way of a Roosevelt County, Montana road, which ran contiguous to plaintiff's land.[3] Phillips requested and obtained permission from the Roosevelt Board of County Commissioners (hereinafter the "Board") and constructed the pipeline within the right-of-way of that county road.[4]

Plaintiff, Harmon, initiated the present action asking the court to grant him injunctive relief calling for removal of the pipeline from that portion of the county road right-of-way of which he is owner in fee. In addition, the plaintiff seeks to recover both general and punitive damages.

The challenge mounted by plaintiff in the present action is essentially two-fold in nature. First, he contends that the use of the pipeline at issue is "private" in character and therefore does not satisfy the "public use" limitation of § 7–13–2101. Second, he submits that regardless of whether the use may be categorized as "public" in character, the fact that the inhabitants of Montana are not ultimately serviced by the natural gas transported through the pipeline precluded the Board from issuing the permit at issue under the authority of § 7–13–2101.

Phillips and PNG counter by asserting that the construction permit was validly issued by the Board under the authority given that body by § 7–13–2101 M.C.A. (1979). Specifically, they contend that the pipeline satisfies the "use" requirement of § 7–13–2101 which precludes plaintiff's challenge as to the validity of the permit.

---

1. Intervening defendant PNG has moved for summary judgment on the complaint filed herein. In the alternative, however, PNG has also filed a counterclaim alleging it is entitled to condemn the property at issue under the Montana law of eminent domain.

2. At the inception of this action, the Roosevelt pipeline was owned by Phillips. The court has been informed, and all parties agree, that at that time, however, Phillips was in the process of transferring its ownership or interest in the pipeline to PNG. Because of that transfer, PNG was allowed to intervene in this action. For purposes of clarity, PNG will be referred to as the current owner of the pipeline.

3. The fee of that portion of the county road running contiguous with plaintiff's land belongs to the plaintiff.

4. The Board granted the permit for construction of the pipeline under the authority vested in that body pursuant to § 7–13–2101 Montana Code Annotated (1979), which provides:

 The board of county commissioners shall have the power and authority to grant to any person, association, or corporation the right to construct and maintain in, along, and under any public road or highway within such county, any pipeline for the conveyance of natural or artificial gas, water, or any other substance for the use of any county, city, or town or the inhabitants thereof.

DISCUSSION

 The court perceives the issue presented to be whether the pipeline at issue satisfies the "use" limitations imposed by § 7–13–2101.[5] A review of the pertinent law convinces the court that it does.

A. PUBLIC USE

§ 7–13–2101 is designed to grant local boards of county commissioners the authority to grant any person, association or corporation the right to utilize any county road right-of-way obtained by public easement for any purpose consistent with the use for which such roadways are designed. The construction and maintenance of utility lines, pipelines, etc., have been recognized as one such consistent purpose. *See, Bolinger v. City of Bozeman, supra.*[6]

 The limiting factors contained in § 7–13–2101 is that the use of any utility line, pipeline, etc. be "public" in nature. The "public use" limitation contained in § 7–13–2101 is the same limitation imposed by the law of eminent domain in Montana, as codified in Title 70, Chapter 30, Montana Code Annotated (1979), specifically § 70–30–102(3). The distinction between § 7–13–2101 and the law of eminent domain simply lies in the fact that the former is utilized in those situations where use of a right-of-way obtained by public easement is

sought, whereas the latter statutes relate to the taking of private property. The court perceives of no substantive distinction between the "public use" limitation contained in the respective statutes. In that regard, the legislature of the State of Montana has specifically stated that the scope of § 7–13–2104 is limited to the terms and provisions of Title 70, Chapter 30, the law of eminent domain. Therefore, the body of law which has evolved with respect to the definition of "public use" in the context of eminent domain is pertinent in defining "public use" in the context of § 7–13–2101.

 The phrase "public use" is incapable of precise and comprehensive definition of universal application. The right to declare what shall be deemed a public use is vested in the legislative branch of government. *United States ex rel. Tennessee Valley Authority v. Welch,* 327 U.S. 546, 66 S.Ct. 715, 90 L.Ed. 843 (1945). When the "public" character of a use for which a particular taking has been authorized by law is challenged, a presumption arises that the use is "public" if the legislature has declared it to be such. *Id.* at 552, 66 S.Ct. at 718. Ultimately, however, the question of whether a particular use is "public" or "private" is a judicial question. *Rindge Co. v. Los Angeles County,* 262 U.S. 700, 43 S.Ct. 689, 67 L.Ed.2d 1186 (1923); *cf. Kom-*

**5.** The plaintiff has sought to interject two additional issues: (1) that the right-of-way easement obtained by Roosevelt County with respect to the county road at issue was limited to use of the roadway for vehicular travel only, and did not include the right to allow construction of any pipelines etc., and (2) that PNG must obtain a Certificate of Public Convenience and Necessity from the Federal Energy Regulatory Commission pursuant to the Natural Gas Act, 15 U.S.C. §§ 717 *et seq.* The plaintiff's arguments with respect to the foregoing issues may be summarily rejected.

The former issue involving the nature of the easement granted Roosevelt County to construct and maintain the county road at issue is effectively disposed of by the Montana Supreme Court's decision in *Bolinger v. City of Bozeman,* 158 Mont. 507, 493 P.2d 1062 (1972). In *Bolinger,* the court specifically addressed the issue raised by the plaintiff herein, holding that a public easement in a county road is not restricted to the use of the roadway for vehicular traffic, but may be used for constructing sew-

ers and laying pipes for the transmission of gas, water, and the like for public use. *Id.* at 514–15, 493 P.2d at 1065–66. The Montana Supreme Court thereby committed itself to the view that one of the proper and primary purposes for which roadways are designed is the use of the right-of-ways of those roads for locating utility lines, pipelines, etc.

The argument raised with respect to the propriety of defendant's failure to comply with the Natural Gas Act, 15 U.S.C. §§ 717, *et seq.,* is misplaced. Enforcement of the Natural Gas Act rests with the Federal Energy Regulatory Commission and does not grant a private cause of action, 15 U.S.C. § 717s. Furthermore, compliance with the Act is not a condition precedent to application of state condemnation statutes. *Robinson v. Transcontinental Gas Pipeline Corp.,* 306 F.Supp. 201 (N.D.Ga.1969), affirmed, 421 F.2d 1397 (5th Cir.1969).

**6.** *See* n. 5, *supra.*

posh v. Powers, 75 Mont. 493, 244 P. 298 (1926), affirmed 275 U.S. 504, 48 S.Ct. 156, 72 L.Ed. 396.

■ A review of the record in this matter convinces the court that the use of the pipeline at issue is "public" in character.

The following facts are undisputed: (1) Phillips, a private corporation, is not a public utility which sells natural gas directly to the consuming public; (2) the purpose of the pipeline at issue was to collect gas purchased by Phillips at a particular well located in Montana; (3) the gas transported through the pipeline goes to a Phillips processing plant in Trenton, North Dakota; (4) the gas so transported consists of both "natural" gas and "liquid" gas; (5) the natural gas so transported is sold to the Montana-Dakota Utilities, a public utility; (6) the "liquid" gas is ultimately sold by Phillips in the commercial market.

The gist of plaintiff's contention is that because Phillips is a private corporation, the use of the pipeline must be deemed to be "private" in character which serves to invalidate the permit granted by the Board pursuant to § 7–13–2101. The argument advanced by the plaintiff in that regard is specious.

§ 70–30–102(3) M.C.A. (1979) of the Montana law of eminent domain, contains a list of uses which the Montana legislature has deemed to be "public" in character. That list includes "pipes conducting water, heat, or gas for the use of the inhabitants of any county, city or town." The "public" character of such pipelines has also been recognized by way of § 7–13–2101, the statute at issue in the case *sub judice*. The argument advanced by the plaintiff would have this court limit the declaration of the legislature with respect to such pipelines to those which directly serve the consuming public, *i.e.*, those which either transport water, heat, or gas directly from a public utility to consumers, or which are otherwise owned by a public utility. The court finds such a limitation unwarranted.

■ Montana has long recognized that "public use" means public advantage, convenience, or benefit. *Butte, A. & P.R. Co. v. Montana Union R. Co.*, 16 Mont. 504, 41 P. 232 (1895); *Komposh v. Powers*, 75 Mont. 493, 244 P. 298 (1926), *affirmed*, 275 U.S. 504, 48 S.Ct. 156, 72 L.Ed. 396. That declaration of public use by the State of Montana is entitled to great respect by this court in its interpretation of what constitutes public use. *Cincinnati v. Vester*, 281 U.S. 439, 50 S.Ct. 360, 74 L.Ed. 950 (1930). Recognizing that Montana courts have equated "public use" with "public benefit", it logically follows that a pipeline designed to convey natural gas for ultimate distribution to the consuming public is a use "public" in character. It is irrelevant that an incidental benefit may inure to a private party, in this case Phillips and PNG, since such incidental benefit does not serve to invalidate a taking by eminent domain. *Joslin Co. v. City of Providence*, 262 U.S. 668, 43 S.Ct. 684, 67 L.Ed. 1167 (1923).

## B. USE BY MONTANA RESIDENTS

■ Finally, the plaintiff contends that even if the use of the pipeline may properly be considered as "public" in nature, the authority granted the Board under § 7–13–2101 is further limited by the fact that such use must directly benefit residents of the State of Montana. Restated, plaintiff submits that a condition precedent to the valid exercise of the authority granted the Board by § 7–13–2101 was that the pipeline benefit residents of Montana. Again the court finds that plaintiff's argument in this regard must be rejected.

The record in this matter does not establish whether any of the natural gas transported via the pipeline at issue ultimately reaches any citizens of the State of Montana. It is the opinion of this court, however, that such a finding is not necessary in order to sustain the validity of the permit issued by the Board under § 7–13–2101.

§ 7–13–2101 does not stated that the use for which a permit is granted must be ex-

clusively for, or even partly for, the inhabitants of any county, city, or town in Montana. The only requirement of the statute is that the material conducted by a pipeline be for the use of inhabitants of any county, city, or town.

In enacting § 7–13–2101, the legislature of the State of Montana did not see fit to include language limiting the authority of the local boards of county commissioners under that statute to those situations in which residents of Montana would ultimately benefit. It is not the function of this court to provide that limitation.

The function of this court in construing the legislation at issue is to simply ascertain and state what terms or matters are contained therein. *See Dunphy v. Anaconda Co.,* 151 Mont. 76, 80, 438 P.2d 660 (1968). A court cannot second-guess and substitute its judgment for that of the legislature or insert what it deems has been omitted. *See State Bar of Montana v. Krivec,* Mont., 632 P.2d 707, 710 (1981); *White v. White,* Mont., 636 P.2d 844 (1981).

CONCLUSION

Having determined that the use of the pipeline at issue was "public" in character, the court has performed its duty of ascertaining that the "taking" herein was consistent with the provisions of the Federal Constitution. *See Cincinnati v. Vester, supra.* In addition, the court has performed its duty under the diversity jurisdiction granted it pursuant to 28 U.S.C. § 1332, having determined that the "taking" herein was consistent with the law of the State of Montana, specifically § 7–13–2101 M.C.A. (1979). There existing no genuine issue of material fact with respect to either of the foregoing determinations, it is appropriate that summary judgment be granted in favor of the defendants. Therefore,

IT IS HEREBY ORDERED that the defendant Phillips' and intervening defendant PNG's motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that the intervening defendant PNG's counterclaim is hereby DISMISSED as moot.