**In re Arlo NEUTGENS, Josephine Neutgens d/b/a Northwest Trucking, Debtors.**

**Bankruptcy No. 86–40520.**

United States Bankruptcy Court, D. Montana.

March 13, 1989.

See also 87 B.R. 128.

---

James A. Patten, Billings, Mont., trustee.

Jerrold L. Nye, Billings, Mont., for debtors.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

In this Chapter 7 case, a hearing was held January 17, 1989, on the Trustee's Objections to the Debtors' claim of exemptions. The Trustee objects to the Debtors' claim of exemption in a Freuhauf trailer, an IHC Payloader, a Hale stock trailer, a 1966 GMAC truck, a 1980 International Harvester truck, the Debtors' homestead and to the validity of the lien of James Neutgens. The Debtors resist the Trustee's objections and argue that they are entitled to the exemptions. At the conclusion of the hearing, both parties were granted ten (10) days to file briefs. Briefs and reply briefs have now been filed and this matter is deemed submitted for decision.

On December 12, 1988, the Debtors filed an amended Schedule B-4.[1] The Amended Schedule B-4 includes all of the exemptions to which the Trustee objects. The Trustee objects on the basis that the items included in the Debtors' Schedule B-4 either exceed the dollar limit available for exemption or cannot be claimed as exempt. The Debtors' schedules do not individually value the items objected to by the Trustee, however, the Amended Schedule B-4 values the items as follows:

Freuhauf trailer, IHC Payloader, and Hale stock trailer § 25-13-609(3)(c)    $2,650.00
1966 GMAC and IHC truck ($1200 each) § 25-13-609(2)    2,400.00

The Trustee introduced evidence, through the testimony of Ron Dinkle, an owner of the Billings Auto Auction, that the items of property should be valued as follows:

| | |
|---|---|
| Freuhauf trailer | $1,500.00 |
| IHC Payloader | 4,000.00–5,000.00 |
| Hale stock trailer | 4,000.00 |
| 66 GMAC truck | 2,000.00–2,500.00 |
| 1980 IHC truck | 4,000.00 |

Mr. Dinkle further testified that commissions of between $70.00 and $100.00 per unit would have to be deducted and that a cost of between 35 and 50 cents per mile, per unit would have to be deducted to bring the units to Billings, Montana for sale at the prices he quoted. Based on the evidence before the Court, the Court sets the following valuations:

| | |
|---|---|
| Freuhauf trailer | {$1,270.00}[2] |
| IHC Payloader | { 3,780.00} |
| Hale stock truck | { 3,790.00} |
| 66 GMAC truck | 1,750.00 |
| 1980 IHC truck | 3,750.00 |

In the Debtors' Amended Schedule B-4, and by testimony at hearing, they claim the Freuhauf trailer, the IHC Payloader, and the Hale stock trailer as exempt pursuant to § 25-13-609(3)(c), M.C.A. The 1966 GMAC truck and the IHC truck are claimed as exempt pursuant to § 25-13-609(2), M.C.A., as motor vehicles, together with two other motor vehicles. However, in the Debtors' Amended Memorandum, the Debtors claim all of the items as exempt under § 25-13-609(1), (3)(a), and (3)(c), M.C.A. The Debtors have not

---

1. The Debtors subsequently filed a Second Amended Schedule B-4 on January 30, 1989, which claims the subject items as exempt under pre-October, 1987, statutes. The Debtors concede in their Amended Memorandum filed February 2, 1989, that the post-October, 1987, statutes should be used in this case.

2. The Court has deducted $150.00 per unit for transportation to Billings, and has deducted the appropriate sale's commission.

amended their Schedule B–4 to reflect their newly asserted claim of exemptions, nor does this Court believe that a post-hearing amendment would be proper. Furthermore, this Court notes that the Montana Legislature has repealed the pre–1987 exemption statutes and has enacted new exemption statutes.[3] The pre-October, 1987, statutes allowed a Debtor to exempt personal property under four separate statutes (§§ 25–13–611, 612, 616 and 617). The statutes currently in effect have combined all personal property exemptions in one statute (§ 25–13–609). The differences between the pre-October, 1987, statutes and the post-October, 1987, statutes are numerous and significant. The post-October, 1987, statute has set aggregate dollar amounts on all classifications of personal property. § 25–13–609, M.C.A. The post-October, 1987, statute has also drastically changed the language regarding the exemption available on a truck or automobile. The new statute allows a $1,200.00 exemption in "one motor vehicle". Accordingly, the 1966 GMAC truck and the 1980 IHC truck may only be claimed as exempt under § 25–13–609(2).[4] Based on the above analysis, the opinion in *In re Taylor*, 861 F.2d 550 (9th Cir.1988), aff'g *In re Taylor*, 73 B.R. 149 (9th Cir. BAP 1987), holding a logging truck as a tool of the trade would not be proper under the new statutory scheme. Therefore, with regard to trucks, *Taylor* will no longer be followed by this Court since they are motor vehicles under Montana law.

■ Both parties' post-hearing briefs relied on this Court's decision of *In re Mutchler*, 95 B.R. 748, 6 Mont. B.R. 388 (Bankr.Mont.1989). In *Mutchler*, this Court addressed the exemptions available under § 25–13–609, M.C.A. The Court held that under § 25–13–609(1), M.C.A., the Debtor is entitled to an exemption of $600.00 in any item of property, to an aggregate of $4,500.00 in total. *Id.* at 755, 6 Mont. B.R. 388 at 403–404. The Court further held that under § 25–13–609(3), each Debtor is entitled to $3,000.00 in each of the three subcategories. *Id.* at 757, 6 Mont. B.R. at 403. The Court in *Mutchler* relied on the liberal interpretation that must be afforded exemption statutes under *MacDonald v. Mercill*, 220 Mont. 146, 714 P.2d 132 (1986). Based on liberal interpretation of the statute, the Freuhauf trailer, the IHC Payloader, and the Hale stock trailer would each classify as tools of the trade under § 25–13–609(3)(c). However, an exemption under § 25–13–609(3)(c) may only be claimed by Arlo Neutgens as the evidence before the Court shows that only Arlo Neutgens is engaged in the business which uses these items. Therefore, Mr. Neutgens may claim the Freuhauf trailer as exempt or may claim a $3,000.00 interest in either the IHC Payloader or the Hale stock truck.

■ The Debtors are each entitled to claim a $1,200.00 exemption in one motor vehicle.[5] § 25–13–609(2). The 1966 GMAC and the 1980 IHC truck have each been valued in excess of the $1,200.00 limit. Therefore, the Trustee's objection to the Debtors' claims of exemption to the two trucks is sustained. The Court does note that the Debtors are entitled to claim a $600.00 exemption in "any item of property" pursuant to § 25–13–609(1). *Mutchler*, supra, at 755, 6 Mont. B.R. at 403. Accordingly, an interest up to $600.00 may be claimed in any item, provided that the entire § 25–13–609(1) exemption does not exceed $4,500.00 in the aggregate. However, the Debtors may not stack the $600.00 exemption on any one item.

■ The Trustee also objects to the Debtors' claim of exemption to their homestead. This case was converted from a

---

3. The legislature repealed §§ 25–13–611, 25–13–612, 25–13–616 and 25–13–617. The legislature enacted §§ 25–13–606, 25–13–607, 25–13–608, 25–13–609 and 25–13–610. The legislature also completely changed § 25–13–614.

4. Both trucks claimed as exempt are registered and titled with the State of Montana and fit

within the definition of a motor vehicle as set forth in § 61–1–102, M.C.A.

5. The Court notes that the Debtors have four motor vehicles listed in their Schedules (1966 GMAC, 1980 IHC truck, 1983 Mercury Marquis and 1983 Ford Pickup). The Debtors are each entitled to one $1,200.00 exemption.

**94**

Chapter 13 case to a Chapter 7 case on October 11, 1988. Accordingly, the Chapter 7 Trustee's rights became fully vested on that date. The Debtors acknowledge that they did not file a homestead exemption until January 13, 1989. Therefore, the Debtors' action of filing a homestead exemption is of no avail because the Trustee's rights had already been established. *In re Whidden*, 1 Mont. B.R. 216 (Bankr.Mont. 1985).

■ The Trustee's last objection concerns the validity of James W. Neutgens' lien. This Court finds that James W. Neutgens' lien was perfected post-petition and, therefore, is not valid as against the Trustee. Section 544(a).

IT IS ORDERED:

(1) That the Trustee's objection to the Debtors' claim of exemption in a homestead is sustained;

(2) That the Trustee's objection to the validity of James W. Neutgens' lien is sustained;

(3) That the Trustee's objections to the claim of exemption in the 1966 GMAC truck, and 1980 International Harvester trailer is sustained;

(4) That the Trustee's objections to the Freuhauf trailer, IHC Payloader and Hale stock trailer are sustained to all amounts over $3,000.00 and sustained as to Josephine Neutgens.