**Margaret M. LEHMANN, Plaintiff,**

v.

**WASHINGTON NATIONAL INSURANCE COMPANY, Defendant.**

**No. CV 97–10–BU–DWM.**

United States District Court,
D. Montana,
Butte Division.

Oct. 28, 1997.

Michael J. Lilly, Berg, Lilly, Andriolo & Tollefsen, Bozeman, MT, for plaintiff.

Leonard H. Smith, Crowley, Haughey, Hanson, Toole & Dietrich, Billings, MT, for defendant.

ORDER

MOLLOY, District Judge.

I. INTRODUCTION

The parties have asked through cross motions for summary judgment for a determination of whether Margaret Lehmann is entitled to benefits that were excluded by way of an "Exception Endorsement" to a Medical Insurance policy she and her husband purchased in 1993. When the policy was issued, Montana law prohibited excluding pre-existing medical conditions for a period in excess

of 12 months. Mont.Code Ann. § 33–22–110 (1993). More than a year after the policy in question had been in effect, the Montana Legislature enacted Mont.Code Ann. § 33–22–109 (1995), a provision that appears to allow a health carrier to exclude from coverage a "specific condition that would otherwise be covered under the policy." § 33–22–109. The carrier argues here that a "mistake" was made in enacting section 33–22–110 because it was overly broad. The retroactive effort to clarify the meaning of the law, so the argument goes, is evident in the new statute.

I find the plaintiff's position under the facts of this case to be more compelling than the argument of the carrier. As a consequence, Lehmann is entitled to summary judgment for the reasons set forth below.

## II. DISCUSSION

This is a suit against an insurance company for refusal to pay benefits. The Complaint is in four counts: (1) breach of insurance contract; (2) unfair trade practices; (3) negligent infliction of mental distress; (4) punitive damages. The facts are not in dispute.[1] The dispositive issue on the cross motions involves a question of statutory interpretation.

1. A time line is of help here, and is as follows:

3/86    Margaret Lehmann has pelvic inflammatory disease

12/19/92    Margaret Lehmann has bilateral tubular inflammation

4/21/93    Effective date of MCA 3322–110, placing 12 month limit on exclusion of coverage for any pre-existing condition.

9/9/93    Lehmanns apply for major medical insurance with defendant and tendered deposit of $180.40, disclosing 1986 and 1992 incidents noted above.

9/19/93    Major medical policy issued to Margaret Lehmann, with an exception endorsement precluding benefits for any disease or disorder of the fallopian tubes, ovaries or surrounding structures. This provision is subservient to the policy requirement that the policy condition must conform to state law.

3/1/95    Margaret Lehmann has full abdominal hysterectomy at Bozeman Deaconess hospital

## A. Positions of the Parties

Plaintiff argues that the policy as issued incorporated Montana law by reference. When the policy was issued, Montana law precluded elimination riders in Section 33–22–110. According to plaintiff's argument, that section clearly and unambiguously states that no pre-existing condition may be excluded for longer than 12 months.[2]

On the other hand, defendant claims that Montana law never precluded elimination riders. The carrier argues there is a distinction between a policy with an elimination rider, which provides general coverage but excludes a specific medical condition, and a policy that excludes all pre-existing conditions, meaning that the policy denies coverage for all conditions identified within a certain time of the policy date.

Washington National contends that section 33–22–110, enacted in 1993, never intended to preclude elimination riders. According to its syllogism, that is why section 33–22–109, enacted in 1995 to specifically authorize elimination riders, was applied retroactively. The insurance carrier here argues that section 33–22–109 did not change the law—it clarified existing law. In support of this position, various committee reports on section 33–22–109 are offered to press defendant's statutory interpretation via the legislative history.

3/4/95    Margaret Lehmann discharged from hospital

3/16/95    Hospital bills submitted to defendant under claim

3/26/95    More bills submitted to defendant under claim

4/21/95    Effective date of MCA 33–22–109, allowing elimination riders against specific conditions. Statute applies retroactively to policies issued before April 21, 1995.

6/19/95    Explanation of Benefits stating that charges of $7339.02 are uncovered

5/8/95    Explanation of benefits stating that charges of $126.80 and $338.70 are uncovered.

2. The statute states: "(1) A policy or certificate of disability insurance may not exclude coverage for a condition for which medical advice or treatment was recommended by or received from a provider of health care services unless the condition occurred within 5 years preceding the effective date of coverage of an insured person. The condition may only be excluded for a maximum of 12 months." Mont.Code Ann. § 33–22–110.

Plaintiff replies with two arguments: (1) even if section 33–22–109 applies retroactively, it does not apply in this case because by the time the law became effective (April 24, 1995) defendant's obligation to pay was established; (2) any retroactive application of section 33–22–109 is unconstitutional under both the United States and the Montana Constitutions.

The constitutional claim is not considered, nor need it be to resolve the issue presented.

## B. Analysis

I find the plaintiff's legal position persuasive. In my examination of the statute, I am guided by the plain language of the statute. *Reynolds v. Pac. Telecom, Inc.*, 259 Mont. 309, 313, 856 P.2d 1365, 1367 (1993). Where possible in construing statutes, I must ascertain what is in terms or in substance contained within the statute; I am not allowed to insert what has been omitted or omit what has been inserted. Mont.Code Ann. § 1–2–101. Washington National's position is contrary to this rule of construction. It is also contrary to Montana case law.

■ The intention of the legislature is first determined from the plain meaning of the words used. If interpretation of the statute at this stage can be accomplished, I may not go further and apply any other means of interpretation. *Haker v. Southwestern Ry. Co.*, 176 Mont. 364, 578 P.2d 724 (1978); *Montana Assn. of Underwriters v. State of Montana*, 172 Mont. 211, 563 P.2d 577 (1977).

Where the language of a statute is plain, unambiguous, direct and certain there is nothing left for the court to construe. *Doull v. Wohlschlager*, 141 Mont. 354, 377 P.2d 758 (1963); *Montana Chapter, National Elec. Contractors Assn. v. State Bd. of Educ.*, 137 Mont. 382, 352 P.2d 258 (1960); *Vaughn & Ragsdale Co. v. State Bd. of Equalization*, 109 Mont. 52, 96 P.2d 420 (1939).

■ In short, it is the duty of the court to construe the law as it finds it. *Dunphy v. Anaconda Co.*, 151 Mont. 76, 438 P.2d 660 (1968). In *State v. Hubbard*, 200 Mont. 106, 111, 649 P.2d 1331, 1333 (1982), the Montana Supreme Court held that "[t]here is simply no reason for the use of legislative history to construe a statute where the language is clear and unambiguous on its face." More

recently, in *Dorn v. Board of Trustees of Billings School District*, 203 Mont. 136, 144, 661 P.2d 426, 430 (1983), the court held that the primary tool for ascertaining intent is the plain meaning of the words used. Reference to legislative history is only appropriate when intent cannot be determined from the content of the statute. The statute in question does not command such an inquiry.

Washington National invokes legislative history in claiming that (1) section 33–22–110 is unclear and did not mean to preclude elimination riders, and (2) that section 33–22–109 was enacted to remedy that mistake. As such, section 33–22–109 merely clarified the law. However, the court does not even consider legislative history unless the language of the statute is unclear. *See, e.g., Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 254, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992). ("[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there."); *Gulbrandson v. Carey*, 272 Mont. 494, 500, 901 P.2d 573, 577 (1995) ("If the legislature's intent can be determined by the plain language of the words used, we may not go further and apply other means of interpretation.").

■ The language of the statute in this case is as clear as it is unambiguous. Even if section 33–22–110 required a look to the legislative history to determine its meaning, it would be of little use to consider the intent of the 1995 or 1997 legislatures in trying to ascertain what the 1993 legislature meant. Generally, and perhaps without exception, legislative intent in statutory interpretation is helpful only if it is the meaning attributed by the enacting body, not the opinion of an amending body. If defendant's legislative intent argument had merit, then any legislative session could alter the meaning of laws predating their power to act, simply by declaring a legislative intent when enacting laws that alter or change the meaning of existing law. No authority supports such a proposition and to adopt it would be an invitation to all sorts of legislative chicanery.

■ Section 33–22–110 states that no condition may be excluded for more than 12 months. It makes no exception for "elimina-

tion riders." As a consequence, the exception endorsement attached to Margaret Lehmann's coverage was void after 12 months. At the time she received treatment, she was entitled to coverage and to benefits. The retroactivity of section 33–22–109 does not destroy that entitlement. Section 33–22–109 does not apply to a vested contractual entitlement. Here the policy sold had to conform to section 33–22–110 at the time it was issued. Section 33–22–109 is only retroactive with respect to medical procedures after the date of enactment.

## III. CONCLUSION

In my view, the plaintiff has the stronger legal argument. Therefore,

IT IS ORDERED, that the plaintiff's motion for partial summary judgment on the issue of coverage is granted. (Doc. # 17)

IT IS FURTHER ORDERED that defendant's cross motion for summary judgment on the issue of coverage is denied. (Doc. # 14)

IT IS FURTHER ORDERED that the clerk shall enter partial summary judgment consistent with this order by way of a separate document.