**In re David Allen SIEGLE, a.k.a. David Siegle, Debtor.**

**No. 00–11691–13.**

United States Bankruptcy Court, D. Montana.

Jan. 12, 2001.

Craig D. Martinson, Billings, MT, for debtor.

Robert G. Drummond, Chapter 13 Standing Trustee, Great Falls, MT, Chapter 13 Trustee.

## Supplemental and Amended Order to the Court's Order entered December 6, 2000

RALPH B. KIRSCHER, Chief Judge.

In this Chapter 13 bankruptcy, the Court entered an Order on December 6, 2000, sustaining, in part, the Trustee's Objection to Property Claimed as Exempt, thereby abolishing the allowance of the wildcard exemption in this District. Since the entry of the Court's December 6, 2000, Order, trustees throughout this District have flooded the Court with objections to debtors' claimed wildcard exemptions. Several debtors have filed responses to these subsequent objections contending the judicially-created wildcard exemption [1] was in effect in this District until it was judicially abolished on December 6, 2000. Therefore, debtors who claimed wildcard exemptions prior to December 6, 2000, should be entitled to the exemptions. The debtors' responses to the objections raises the issue of whether this Court's abolishment of the wildcard exemption applies to cases filed prior to December 6, 2000, or whether abolishment of the wildcard exemption applies solely to cases filed and/or exemptions claimed after December 6, 2000.

■ As noted in the Order of December 6, 2000, Montana has opted out of the federal exemption scheme by means of Mont.Code Ann. § 31–2–106.[2] *In re Schmitz*, 16 Mont. B.R. 512, 515 (Bankr.Montana 1998); *In re Mackenzie*, 16 Mont. B.R. 338, 340 (Bankr.Mont.1998). Thus, debtors must look to state law, rather than federal law, to determine the scope of their allowable exemptions. *See* Mont. Code Ann. § 25–13–601, et seq. Moreover, it is a well-settled principal that un-

der Montana law, exemption statutes should be liberally construed in favor of debtors. *In re Schmitz*, 16 Mont. B.R. 512, 515 (Bankr.Montana 1998); *In re Mackenzie*, 16 Mont. B.R. at 343; *Glass v. Hitt (In re Glass)*, 60 F.3d 565, 570 (9th Cir.1995); *In re Gagne*, 10 Mont. B.R. 200, 204 (Bankr.Mont.1991); *MacDonald v. Mercill*, 220 Mont. 146, 714 P.2d 132, 135 (1986). Indeed, the Montana Constitution requires it. MONT. CONST. art. XIII, § 5 ("The legislature shall enact liberal homestead and exemption laws."). With such guidance, the Court must decide to which cases the Court's Order of December 6, 2000, applies.

■ In the Order of December 6, 2000, this Court held that "[n]o 'wildcard' exemption exists under the state exemption provisions as they exist on the date of this order[.]" The Court also recognized, however, that prior to December 6, 2000, debtors in Montana were entitled to claim the judicially created wildcard exemption. Accordingly, in keeping with the liberal construction of exemptions under Montana law, debtors such as Mr. Siegle, are entitled to claim the exemptions which were allowable at the time their petition was filed and/or at the time the exemptions were claimed. Such a finding dictates that the Court's December 6, 2000, ruling only apply to cases filed and/or exemptions claimed after that date. Thus, upon the Court's own motion,

IT IS ORDERED the Court's Order of December 6, 2000, is amended to read as follows:

IT IS HEREBY ORDERED that the Trustee's Objection to Property Claimed Exempt is sustained in part and overruled in part; that MCA § 25–13–609(1) does

---

1. The Court, at page 6 of its December 6, 2000, Order recognized that *In re Mutchler*, 95 B.R. 748, 6 Mont. B.R. 388 (Bankr.Mont. 1989), judicially created Montana's "wildcard exemption".

2. Section 31–2–106 provides in pertinent part: "**Exempt Property—bankruptcy proceeding**: An individual may not exempt from

the property of the estate in any bankruptcy proceeding the property specified in 11 U.S.C. § 522(d). An individual may exempt from the property of the estate in any bankruptcy proceeding: (1) that property exempt from execution of judgment as provided in ... Title 25, chapter 13, part 6, ...."

not codify a "wildcard" exemption; because this Order only applies to cases filed and/or exemptions claimed after December 6, 2000, Debtor David Allen Siegle is entitled to exempt his 1999 tax refund under MCA § 25–13–609(1); that Debtor is entitled to exempt the living room furniture, the bedroom set and television under the household furnishings and goods category and the washer and dryer under the appliances category of MCA § 25–13–609(1) as none of the items exceed $600 and the aggregate of the items in all categories under MCA § 25–13–609(1) as listed on Debtor's Schedule C does not exceed $4,500.

### ORDER

In this Chapter 13 bankruptcy case, after due notice, the court scheduled a hearing on the Trustee's Objection to Property Claimed as Exempt for November 7, 2000. Debtor filed a response to the Trustee's objection. Debtor and Trustee filed briefs in support of their respective positions prior to the hearing date. The Chapter 13 Trustee, Robert G. Drummond and the Debtor, through his attorney, Craig D. Martinson, appeared at the hearing. At the hearing, Debtor and Trustee informed the court that they wished to submit the matter to the court on stipulated facts, as no disputed facts existed. After an extension of time for the submission of the stipulated facts, the parties filed the agreed facts on November 20, 2000, at which time this matter was taken under advisement.

For the following reasons and analyses, the Trustee's objection is sustained in part and overruled in part. The court, in interpreting Montana Code Annotated ("MCA") § 25–13–609(1), concludes that the Debtor is entitled to claim exemptions in any one of several designated categories up to the aggregate value of $4,500.00, wherein no one item in any category exceeds $600.00. The enumerated categories do not include tax refunds. No "wildcard" exemption exists under the state exemption provisions

as they exist on the date of this order; it exists only under the federal exemption provisions, for which Montana has opted-out. The Trustee's objection is overruled as to the household furniture as no one item exceeds $600.00 and the aggregate value for the categories under MCA § 25–13–609(1) does not exceed $4,500.00, but is otherwise sustained.

### ISSUES

1. Does Montana Code Annotated § 25–13–609(1) provide a "wildcard exemption?"

2. Does Montana Code Annotated § 25–13–609(1) require that each enumerated category be limited to $600.00 or that any item within an enumerated category not exceed $600.00?

3. In calculating the aggregate value of $4,500.00, could such value be derived within only one category or allocated among fewer than all the categories?

### FACTS

Debtor and Trustee have stipulated to the following facts, set forth *verbatim:*

1. The Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on **July 5, 2000.**

2. That a § 341(a) Meeting of Creditors hearing was concluded on **September 11, 2000.**

3. That as part of the property listed by this Debtor on Schedule B, the Debtor listed **1999 tax refund** in an unknown amount of money and stated that this property was exempt on Schedule C in the sum of $600.00. Further, the Debtor claimed an exemption in and to various items of Household effects, none of which were worth more than $350.00, for a total exemption in household furnishings of $800.00 and appliances (washer and dryer) of $150.00.

4. That this exemption in the tax refund was claimed under MCA § 25–13–609(1) as his "wild card" exemp-

tion. The exemption in the living room furniture is claimed under the same statute as part of household furnishings and as appliances.

5. That all property listed on the Debtor's schedules under the category of "Household Goods and furnishings . . . ." were used by the Debtor in his house and each item individually is valued at less than $600.00.

## DISCUSSION

As noted above, Montana has opted-out of the federal exemptions provided in 11 U.S.C. § 522. *See* 11 U.S.C. § 522(b) and MCA § 31–2–106. Pursuant to MCA § 31–2–106(1), an individual may exempt certain property identified in MCA § 25–13–609. MCA § 25–13–609(1) provides, in pertinent part:

A judgment debtor is entitled to exemption from execution of the following:

(1) the judgment debtor's interest, not to exceed $4,500 in aggregate value, to the extent of a value not exceeding $600 in any item of property, in household furnishings and goods, appliances, jewelry, wearing apparel, books, firearms and other sporting goods, animals, feed, crops, and musical instruments[.]

This exemption provision creates ten (10) categories: (1) household furnishings and goods, (2) appliances, (3) jewelry, (4) wearing apparel, (5) books, (6) firearms and other sporting goods, (7) animals, (8) feed, (9) crops, and (10) musical instruments. The provision further limits the aggregate value of debtor's interest in these ten (10) categories to $4,500 by the phrase, "not to exceed $4,500 in aggregate value." The provision then limits the value of any one item of property within each category to "a value not exceeding $600 in any item of property." No comma exists after the numeric amount of $600 which might suggest an additional category through the phrase, "in any item of property". However, even that analysis would be strained as no "and" exists prior to the identification of the ten (10) categories

which begins with the prepositional phrase of "in", and which then might possibly create a conjunctive group of categories.

The federal exemption statute adopted by Congress and applicable to all debtors unless a state has opted-out provides a very similar provision to the one adopted by the Montana legislature. Given amendments since initial adoption, 11 U.S.C. § 522(d)(3) presently provides:

The debtor's interest, not to exceed $400 in value in any particular item or $8,000 in aggregate value, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

Section 522(d)(5), the "federal wildcard exemption," provides: "The debtor's aggregate interest in any property, not to exceed in value $800 plus up to $7,500 of any unused amount of the exemption provided under paragraph (1) of this subsection."

Prior to 1984, section 522(d)(3) did not contain an aggregate limit; it contained only an item value limitation and read, "The debtor's interest, not to exceed $200 in value in any particular item, in household furnishings, . . . ." One early case interpreting § 522(d)(3) is instructive. In *Matter of Wahl,* 14 B.R. 153, 155 (Bankr. E.D.Wis.1981), the court considered whether the debtors could separately list knives, forks and spoons in a sterling silverware set if each knife, fork and spoon have a value of less than $200. The court concluded based upon statutory construction that a debtor could exempt each utensil as a "particular item" and that the entire sterling silverware set could not be considered one "item." The court provided the following discussion:

The word "item" is not defined in the Bankruptcy Code so the court must look to the general definitions found in other cases or in the standard dictionaries. In

*Brugioni v. Maryland Casualty Co.,* 382 S.W.2d 707 (Mo.1964) the Missouri courts defined the word "item" as "an individual thing as an article of household goods or something singled out from a category of things of the same kind."

In Webster's Third New International Dictionary the following definitions of the word "item" are found:

"an individual particular or detail singled out from a group of related particulars or details."

"an individual thing (as an article of household goods, an article of apparel, an object in an art collection, a book in a library) singled out from an aggregate of the individual things."

"item applies chiefly to each thing in a list of things or in a group of things that lend themselves to listing (an item in a laundry list) (each item of income) (an item in an inventory)."

In the American College Dictionary by Random House, the word "item" is defined:

"a separate article or particular."

In Black's Law Dictionary, Revised Fourth Edition, the word "item" is defined:

"something less than a whole."

"A number, quantity, mass, or the like, regarded as going to make up, with others or another, a larger number, quantity, mass, etc., whether actually separate or not."

"a piece, fragment, fraction, member, or constituent."

The word "silverware" is defined in Webster's Third New International Dictionary as:

"table knives, forks and spoons usually of silver."

From these definitions the court holds that each particular knife, fork, or spoon is a separate item, although the items are of the same pattern and constitute a "set" of silverware. Therefore each particular item which does not exceed $200 in value is exempt under Sec. 522(d)(3) of the Bankruptcy Code.

The court in *Wahl* concluded: "Under Sec. 522(d)(3) a debtor may claim exempt any number of suits of clothes, any number of appliances, books, animals, or musical instruments, and any number of items of furniture, dishes, cooking utensils, or silverware so long as they ... do not exceed $200 in value." In 1984, Congress amended § 522(d)(3) to include an aggregate value for all categories.

Given the foregoing instructive discussion, I now consider the Montana statute, MCA § 25–13–109(1) and the genesis of the "Montana wildcard exemption" through *In re Mutchler,* 95 B.R. 748, 6 Mont. B.R. 388 (Bankr.D.Mont.1989). The following excerpt from *Mutchler* judicially creates the "Montana wildcard exemption":

Debtor Bonnie Mutchler claims as exempt 44 separate items of personal property. Included in the list of exemptions to which objection is raised is a 1970 17' Silverline boat valued at $600.00, 1974 Ezlo boat trailer valued at $150.00, T81 Yamaha snowmobile valued at $800.00, 1977 Kawasaki motorcycle valued at $75.00, desk, file cabinet, office chair and calculator valued at $65.00, potatoes valued at $520.00, two metal detectors valued at $50.00, and two freezers valued at $75.00. All of the items claimed total $4,500.00, so that aggregate amount under 25–13–609(1) is satisfied.

Neither the Trustee nor PCA have presented a plausible interpretation of Subsection (1) of 25–13–609. As that section is written the Debtors may claim as exempt any item of property up to the extent of $600.00, together with $600.00 in household furnishing and goods, $600.00 in appliances, $600.00 in jewelry, $600.00 in wearing apparel, $600.00 in books, $600.00 in firearms and other sporting goods, $600.00 in animals, $600.00 in feed, $600.00 in crops and

$600.00 in musical instruments, so long as the total exemption does not exceed the cap of $4,500.00. I am guided in this interpretation by the case of *Matter of Smith*, 640 F.2d 888 (7th Cir.1981). *Smith* involved interpretation of the federal exemption statute § 522 of the new Bankruptcy Code. § 522(d) grants exemptions in a laundry list of items of real and personal property, up to certain aggregate amounts, i.e., the debtor's interest not to "exceed $200.00 in value in any particular item or $4,000.00 in aggregate value, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops or musical instruments * * *". § 522(d)(5), before amendment in 1984, read:

> "(5) The debtor's aggregate interest, not to exceed in value $400 plus any unused amount of exemption provided under paragraph (1) of this subsection, *in any property*." Emphasis supplied.

The term "in any property" in § 522(d)(5) in virtually identical to the term "in any item of property" in § 25–13–609(1), M.C.A. The Circuit Court in *Smith* held:

> "The dispute here is caused by the words 'any property' in paragraph (5). The trustee contends that they refer only to other property that is specified in section 522: household goods, motor vehicles, etc. The debtors argue that they have the same broad meaning as in section 541: 'all legal or equitable interests of the debtor.' We agree with the debtors that Congress

did not intend to distinguish between section 522 property and section 541 property. We hold that the general exemption may be applied to any property that is property of the estate—including, of course, causes of action arising under the federal Truth in Lending Act or similar state statutes."

The Court reasoned such interpretation was consistent not only with the "fresh start" provisions of the Bankruptcy Code but with the age-old doctrine that "exemption statutes are to be construed liberally". *Id.* at 891.

Thus, I conclude that under 25–13–609(1) any item of property may be exempt up to $600.00, provided the entire exemption for all items of property including those specifically enumerated does not exceed $4,500.00 in the aggregate. I believe this interpretation comports with legislative intent and clearly eliminates much controversy over what particular items may be claimed as exempt. Since each item of property claimed exempt by Bonnie Mutchler, except the 1970 Silverline boat and Yamaha motorcycle is less than $600.00, those items are properly exempt under § 25–13–609(1). As to the boat and motorcycle, those items will be turned over to the Trustee for sale, whereupon Bonnie Mutchler will be given a credit for $600.00 in each item as her exemption.

*Mutchler*, 95 B.R. at 754–55.

▬▬▬ *Mutchler* and its progeny[1] have created considerable confusion for the

---

**1.** I will list chronologically the progeny with a brief annotation so practitioners are aware of these cases and will not use them in the future as authority for a "wildcard exemption", unless the Montana legislature amends the statute to include such an exemption: *In re Montagne*, 6 Mont. B.R. 420 (Bankr.D.Mont.1989)(allowed wildcard for same debtor up to $600 each on multiple items not included within the categories); *In re Welnel*, 7 Mont. B.R. 29, 1989 WL 223272 (Bankr.D.Mont.1989)(overrules *Montagne* and allows wildcard on one item of property up to $600, not on multiple items, but, *in dicta*,

states also that the categories are limited to $600, with the aggregate not exceeding $4,500); *In re Neutgens*, 126 B.R. 91, 7 Mont. B.R. 43 (Bankr.D.Mont.B.R.1989)(disallowed stacking of wildcard exemption on one item); *In re Sweeney*, 7 Mont. B.R. 67 (Bankr.D.Mont.1989)(allows either state or federal tax refund as wildcard up to $600); *In re Daulton*, 7 Mont. B.R. 307 (Bankr.D.Mont.1989)(allows tax refund as wildcard only to extent debtor has interest in refund through separate earnings); *In re Haggerty*, 13 Mont. B.R. 76 (Bankr.D.Mont.

bankruptcy practitioners in Montana. Without doubt, exemption laws are to be liberally construed in favor of the debtor. *MacDonald v. Mercill,* 220 Mont. 146, 714 P.2d 132, 135 (1986). The Montana Constitution requires it. MONT. CONST. art. XIII, § 5 ("The legislature shall enact liberal homestead and exemption laws."). Notwithstanding, in interpreting Montana's statutes, the Court does so under the "plain meaning" rule as explained by the Montana Supreme Court in *Western Energy Co. v. State Dep't of Rev.,* 297 Mont. 55, 58, 990 P.2d 767, 769 (1999):

> When we interpret a statute, our objective is to implement the objectives the legislature sought to achieve. *Montana Wildlife Fed'n v. Sager* (1980), 190 Mont. 247, 264, 620 P.2d 1189, 1199. The legislative intent is to be ascertained, in the first instance, from the plain meaning of the words used. *Boegli v. Glacier Mountain Cheese Co.* (1989), 238 Mont. 426, 429, 777 P.2d 1303, 1305. If the intent of the legislature can be determined from the plain meaning of the words used in the statute, the plain meaning controls and the Court need go no further nor apply any other means of interpretation. *Phelps v. Hillhaven Corp.* (1988), 231 Mont. 245, 251, 752 P.2d 737, 741.

Consequently, the analysis as to the meaning of MCA § 25–13–609(1) must commence "... with the language of the statute itself ..." and also end with the statute "... for where ... the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'" *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989), *citing Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917). *See Lehmann v. Washington Nat'l Ins. Co.,* 979 F.Supp. 1290, 1292 (D.Mont.1997) and *Harmon v. Phillips Petroleum Co.,* 555 F.Supp. 447, 452 (D.Mont.1982). The grammatical structure of a statute may mandate its interpretation.[2] *Ron Pair,* 489 U.S. at 241, 109 S.Ct. at 1030. If MCA § 25–13–609(1) is diagramed into its component parts, its interpretation may be more apparent:

> (1) the judgment debtor's interest,
>
> not to exceed $4,500 in aggregate value,
>
> to the extent of a value not exceeding $600 in any item of property,
>
> in household furnishings and goods, appliances, jewelry, wearing apparel, books, firearms and other sporting goods, animals, feed, crops, and musical instruments[.]

The Supreme Court in *Ron Pair* did a similar analysis with 11 U.S.C. § 506(b), and provided the following analysis:

> The phrase "interest on such claim" is set aside by commas, and separated from the reference to fees, costs, and charges by the conjunctive words "and any." As a result, the phrase "interest on such claim" stands independent of the language that follows. "[I]nterest on such claim" is not part of the list made up of "fees, costs, or charges," nor is it joined to the following clause so that the final "provided for under the agreement" modifies it as well. *See Best Re-*

---

1994)(each debtor entitled to claim one item as wildcard); *In re Ripper,* 14 Mont. B.R. 525 (Bankr.D.Mont.1995)(allows debtors to claim up to $600 in up to 7 items of property or spread the $600 exemption among categories); *In re Riddle,* 15 Mont. B.R. 399 (Bankr.D.Mont.1996)(limitation of value is not by category, clarifies *dicta* in *Welnel,* but holds debtor can exempt wildcard in any one item up to $600 or to $4,500 in aggregate); *In re Dodd,* 17 Mont. B.R. 95 (Bankr.D.Mont. 1998)(each debtor entitled to wildcard on one item of property, refuses to overturn *Mutch-*

*ler).* Other cases may exist which were inadvertently omitted.

**2.** However, Justice O'Connor in her dissent to the majority's decision in *Ron Pair* states that the majority's "reliance on the comma is misplaced. '[P]unctuation is not decisive of the construction of a statute.' * * * Although punctuation is not controlling, it can provide useful confirmation of conclusions drawn from the words of a statute." *Ron Pair,* 489 U.S. at 250, 109 S.Ct. at 1035.

*pair Co. v. United States,* 789 F.2d, at 1082. The language and punctuation Congress used cannot be read in any other way.

*Ron Pair,* 489 U.S. at 241–42, 109 S.Ct. at 1030–31.

 The two phrases "not to exceed $4,500 in aggregate value," and "to the extent of a value not exceeding $600 in any item of property," are set aside by commas, and separated from the prepositional phrase beginning with "in" and identifying the ten (10) categories of personal property within which a debtor can claim an exemption. These two phrases stand independent of the prepositional phrase qualifying the type of property that a debtor can exempt. The first phrase, "not to exceed $4,500 in aggregate value," sets the aggregate value of debtor's interest that can be exempt in all of the ten (10) categories. The second phrase, "to the extent of a value not exceeding $600 in any item of property," sets the value of an "item" which is "singled out from a category of things of the same kind." *Wahl,* 14 B.R. at 154. The second phrase does not create a wildcard exemption as does the language contained in 11 U.S.C. § 522(d)(5).

Contrary to the analysis in *Mutchler,* the phrase, "in any item of property" in MCA § 25–13–609(1) is virtually identical to the phrase, "in any particular item" in 11 U.S.C. § 522(d)(3) and is not virtually identical to the phrase, "in any property" in 11 U.S.C. § 522(d)(5).[3] In closer examination, the federal exemptions listed in § 522(d), namely § 522(d)(2), § 522(d)(3), § 522(d)(6), § 522(d)(7) are very similar to the following Montana exemptions, namely

§ 25–13–609(2), § 25–13–609(1), § 25–13–609(3) and § 25–13–609(7), respectively. Minor variations exist, but it appears the Montana legislature in 1987 used these identified federal exemptions as a guide when codifying the new exemptions identified in § 25–13–609. The legislature did not codify, either in § 25–13–609 or in any other exemption statute, the federal wildcard exemption identified in § 522(d)(5). Consequently, through the plain meaning of the statute, I conclude that § 25–13–609(1) does not create a Montana "wildcard" exemption. *See Ravalli County Fish and Game Ass'n, Inc. v. Montana Dep't of State Lands,* 273 Mont. 371, 903 P.2d 1362, 1366 (1995).

In reaching this decision, I recognize that after nearly twelve (12) years since the *Mutchler* decision, the Montana legislature has not amended § 25–13–609(1) to clarify whether a "wildcard" exemption was intended. The legislature acted almost immediately after the decision in *Mutchler* to add an aggregate value phrase in § 25–13–609(3) limiting the exemption for implements, professional books, and tools, of the trade to a value not to exceed $3,000 in aggregate value. 1989 Mont. Laws, ch. 130, sec. 1. I further recognize the direct impact this decision will have on a debtor and a debtor's ability to exempt particular property under the existing exemption provisions. However, given the opt-out by the Montana legislature, it is responsible for codifying liberal exemption provisions consistent with the mandate contained in the Montana Constitution.

---

3. For purposes of comparison, the analysis creating the Montana wildcard exemption in *Mutchler* follows:

§ 522(d) grants exemptions in a laundry list of items of real and personal property, up to certain aggregate amounts, i.e., the debtor's interest not to "exceed $200.00 in value in any particular item or $4,000.00 in aggregate value, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops or musical in-

struments * * *". § 522(d)(5), before amendment in 1984, read:

"(5) The debtor's aggregate interest, not to exceed in value $400 plus any unused amount of exemption provided under paragraph (1) of this subsection, *in any property.*" Emphasis supplied.

The term "in any property" in § 522(d)(5) in virtually identical to the term "in any item of property" in § 25–13–609(1), M.C.A.

In considering the second issue of whether MCA § 25–13–609(1) requires that each enumerated category be limited to $600.00 or that any item within an enumerated category not exceed $600.00, I conclude, based on the foregoing analysis, that the second phrase, "to the extent of a value not exceeding $600 in any item of property," limits the value of an "item" singled out from a category of things of the same kind.[4] *See Wahl,* 14 B.R. at 154. As an example, if a refrigerator valued at $800 is exempted under the category of appliances, the debtor's interest in the refrigerator could be exempted up to $600. Other appliances to the extent of $600 could still be exempted with the limitation that all property exempted in all ten (10) categories could not exceed an aggregate value of $4,500.

In considering the third issue, "could the aggregate value of $4,500 be derived within only one category or allocated among fewer than all the categories", the answer is yes. The statute does not require the debtor to exempt property in all categories, as a debtor may not have property that would be included within each category. The debtor simply cannot exceed an aggregate value of $4,500 in exempted property under § 25–13–609(1) regardless of which categories the property may be included.

IT IS HEREBY ORDERED that the Trustee's Objection to Property Claimed Exempt is sustained in part and overruled in part; that MCA § 25–13–609(1) does not codify a "wildcard" exemption; that Debtor is not entitled to exempt his 1999 tax refund under MCA § 25–13–609(1); that Debtor is entitled to exempt the living room furniture, the bedroom set and television under the household furnishings and goods category and the washer and dryer under the appliances category of MCA

§ 25–13–609(1) as none of the items exceed $600 and the aggregate of the items in all categories under MCA § 25–13–609(1) as listed on Debtor's Schedule C does not exceed $4,500.

---

4. In order for the Trustee to examine the values of items within categories, a debtor will necessarily be required to provide sufficient detail/description and value for such items in Schedules B and C. Practitioners should find *In re Mohring,* 142 B.R. 389, 394–96 (Bankr.E.D.Cal.1992), *aff'd,* 153 B.R. 601 (9th Cir. BAP 1993)(table), *aff'd,* 24 F.3d 247 (9th Cir.1994)(table), instructive on debtor's duty to file lists and schedules.